No. 00-645

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 30N


STATE OF MONTANA,

         Plaintiff and Respondent,

   v.

FIFTY THOUSAND TWENTY AND NO/100 DOLLARS
IN UNITED STATES CURRENCY AND SHARE OF STOCK
IN MONIDA ENTERPRISES, A MONTANA CORPORATION,
GARY MICHAEL NEWBY AND LISA NEWBY,

         Defendants and Appellants.



APPEAL FROM: District Court of the Fifth Judicial District,
                    In and for the County of Beaverhead,
                    The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Brad L. Belke, Attorney at Law, Butte, Montana (for Gary Newby)

        For Respondent:

                Hon. Joseph P. Mazurek, Attorney General; John Paulson,
                Assistant Attorney General, Helena, Montana

                Thomas R. Scott, Beaverhead County Attorney, Dillon,
                Montana


                      Submitted on Briefs: February 1, 2001

                          Decided: February 26, 2002

Filed:

_____
                    Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶Gary Newby appeals from the denial by the Fifth Judicial District Court, Beaverhead County, of his motion to set aside a default judgment in a forfeiture proceeding. We affirm.

¶ Newby raises three issues on appeal, the last of which is dispositive: Did Newby's incarceration in the State of Indiana constitute extraordinary circumstances justifying his failure to appear within the statutory time and answer the civil forfeiture proceeding in the State of Montana?

¶Newby was arrested in Indiana in May of 1997 on drug and weapon charges. Indiana law enforcement authorities informed Montana authorities that Newby was renting two safe deposit boxes at Norwest Bank in Dillon, Montana. The Montana authorities obtained a search warrant to examine the contents of the boxes, in which they found and seized a total of $50,020 in cash and a small quantity of marijuana.

¶The State of Montana filed the underlying forfeiture proceeding in the District Court pursuant to §§ 44-12-101 through -206, MCA. Newby was served with a petition for forfeiture and summons on July 25, 1997. He did not file an answer or otherwise appear in the proceedings, and the District Court issued a default judgment of forfeiture on August 20, 1997.

¶In December of 1999, Newby moved to set aside the Montana default judgment. The State objected, and the District Court denied Newby's motion. Newby and Monida Enterprises appealed, and we ultimately dismissed the appeal without prejudice.

¶In June of 2000, Newby again moved to set aside the default judgment, asserting he had good cause for failing to appear in the forfeiture proceedings because of his

incarceration in Indiana and lack of funds to retain counsel. The State responded that Newby had failed to show proper grounds to set aside the 3-year-old judgment. The District Court denied the motion, stating "Defendant's three year belated action is totally without merit." Newby appeals.

## DISCUSSION

¶1 We review a district court's denial of a motion to set aside a default judgment for a slight abuse of discretion. The party seeking to set aside a default judgment has the burden of proof. *In re Marriage of Winckler*, 2000 MT 116, ¶ 10, 299 Mont. 428, ¶ 10, 2 P.3d 229, ¶ 10 (citations omitted).

¶2 In this case, Newby was personally served with the forfeiture petition and summons on July 25, 1997. He did not file a verified answer within 20 days as required by § 44-12-202, MCA, and the District Court entered the default judgment in August of 1997.

¶3 Moving ahead to facts pertinent to the present case, Newby moved to set aside the judgment in June of 2000, citing Rules 55(c) and 60(b), M.R.Civ.P., and § 44-12-202, MCA. Rule 55(c), M.R.Civ.P., provides "[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b), M.R.Civ.P., enumerates reasons for which a court may relieve a party from a final judgment. On appeal, Newby's argument for setting aside the judgment focuses on his contentions that "extraordinary circumstances" justified his failure to file an answer to the forfeiture petition within 20 days after it was served on him, as required under § 44-12-202, MCA, and that his constitutional rights were violated by the District Court's failure to set aside the default judgment.

¶4 Newby points out he was incarcerated in the State of Indiana when the forfeiture proceeding was filed and, because this was a civil proceeding, he was not entitled to have counsel appointed to represent him. He states that, because his assets were seized, he was without funds to hire counsel. Newby failed, however, to support his request for relief

with affidavits or other evidence concerning his inability to retain Montana counsel. Moreover, § 44-12-202, MCA, requires only that the verified answer to a petition for forfeiture address "the allegations concerning the use of the property described in the [forfeiture] petition . . . ." His incarceration and alleged inability to hire a lawyer aside, Newby does not explain why he was unable to meet that relatively simple requirement, since the needed information was within his own knowledge and could be filed without the necessity of his physical presence.

5¶In addition, Newby's incarceration argument fails to account for nearly a year of the delay in filing his motions. Newby was released from custody in Indiana in February of 1999. He did not file his first motion to set aside the judgment until December of 1999.

6¶The public policy underlying the finality of judgments is that there must be some point at which litigation ends and the rights between the parties are forever established. *See, e.g., In re Marriage of Hopper*, 1999 MT 310, ¶ 29, 297 Mont. 225, ¶ 29, 991 P.2d 960, ¶ 29. Newby did not establish that his incarceration and the seizure of his assets constituted extraordinary circumstances justifying his failure to appear in the Montana civil forfeiture proceeding during his incarceration or for nearly a year after he was released from custody.

7¶Finally, Newby asserts the District Court's failure to grant his motion to set aside the default judgment violated certain enumerated constitutional rights. He advances no legal analysis or authorities at all pursuant to this assertion, however, as required by Rule 23(a)(4), M.R.App.P. Consequently, we decline to address the assertion further.

8¶We conclude Newby has failed to meet his burden of establishing even a slight abuse of discretion by the District Court in denying his motion to set aside the default judgment. As a result, we do not reach Newby's first two issues on appeal, both of which attack the underlying forfeiture proceeding on substantive legal grounds.

9¶Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ JAMES C. NELSON

Justice Patricia O. Cotter dissents.

¶17     I would conclude that Newby raised sufficient circumstances to establish a better than slight abuse of discretion by the District Court in refusing to set aside the default judgment.  Significantly, when it obtained the search warrant that led to the seizure of the cash in question, the State wholly failed to meet the statutory requisites of § 46-5-221, MCA, which require that a search warrant application state facts sufficient to support probable cause to believe contraband in connection with a particular offense will be found, and describe with particularity what is to be seized.  It is virtually undisputable that the State did not even come close to complying with the statute.

¶18     Because the search warrant underlying the seizure of the money was wholly unsupported by probable cause or the required specificity, I would conclude that there was a sufficient basis for setting aside the default judgment, and that the District Court erred in not doing so.  I would therefore vacate the judgment and remand to allow the defendant to challenge the seizure of the evidence.

                                                          /S/ PATRICIA COTTER